IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRIENDSHIP PARTNERSHIP, )
d/b/a JJ FISH, )
)
Plaintiff, )
)
v. ) No. 05 C 3088
)
TIGER DISTRIBUTING, INC., )
)
Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Friendship Partnership's

("Friendship") motion for a protective order, motion to strike an affirmative defense,

motion *in limine* to bar and strike certain declarations, and motion to bar the use of a

certain letter and deposition testimony.   For the reasons stated below, we deny

Friendship's motion for a protective order and motion to strike certain declarations.

We grant Friendship's motion to strike an affirmative defense and motion to bar the

use of the letter and deposition testimony.

1

I. Motion for a Protective Order

Friendship requests in its motion for a protective order that the court issue an order "prohibiting further communications with third-parties and any JJ Fish licensee or former licensee regarding the issues in this case, unless a representative of the Plaintiff is present." (Mem. Prot. 7). Friendship, which does business as "JJ Fish," complains that Defendant Tiger Distributing, Inc. ("Tiger") has contacted current and former JJ Fish licensees and obtained signed declarations from those licensees. Friendship complains that the information in the declarations is inaccurate and inconsistent with the depositions taken in this action. Friendship even goes so far as to accuse the declarants of being guilty of perjury. (Mem. Prot. Par. 18-21). However, none of these complaints by Friendship offers any justification for the protective order sought by Friendship and, in fact, Friendship has failed to cite to any law that would provide such a remedy. Friendship has already filed a motion to strike the declarations, but the veracity of the declarations is not a basis for a protective order barring contact with the declarants.

Friendship also states vaguely that "[a]dditionally, Defendant has improperly influenced testifying witnesses." (Mem. Prot. Par. 22). Friendship indicates that "[d]uring a break in Mr. Hassan's deposition, one of the owners of the Defendant company, Sam Salman, argued with the witness in Arabic." (Mem. Prot. Par. 23). However, Friendship does not point to any evidence that establishes or even

specifically allege that during the discussion, Sam Salman was attempting to influence the future testimony of Mr. Hassan. Mr. Hassan testified at his deposition that during the break, Sam Salman discussed matters such as his family relations. (H. Dep. 20). Mr. Hassan was asked at his deposition whether he thought that Sam Salman was trying to influence him, and Mr. Hassan responded: "I think so." (H. Dep 21). Mr. Hassan did not provide any basis for his belief and he did not even state that he was certain that Sam Salman was trying to influence him. In sum, there is insufficient evidence showing that Sam Salman made any improper statements during a break in the deposition.

Friendship also complains that a representative of Tiger called Mr. Alamleh on the telephone the day before his deposition and had promised him good prices on the items that he bought from Tiger. However, such facts do not show that Tiger influenced Mr. Alamleh's testimony. Friendship is merely grasping as straws and fails to provide any concrete evidence of impropriety by Tiger. Friendship also complains that certain other witnesses have not appeared for depositions after a Tiger representative visited the witnesses before the scheduled depositions. Friendship refers to this alleged phenomenon as "highly suspicious." (Mem. Prot. Par. 35). This is yet another baseless accusation and a waste of the court's time, given that Friendship has no proof that Tiger, in any way, convinced the witnesses to not attend their depositions. Friendship has provided absolutely no justification for the protective order sought and, therefore, we deny the motion for a protective order.

## II. Motion to Bar and Strike Declarations

Friendship requests that the court bar and strike the declarations obtained by Friendship from JJ Fish licensees. As is indicated above, Friendship claims that the declarations contain numerous inaccuracies and accuses the declarants of perjury. Friendship fails to provide any valid legal basis for striking the declarations simply on the grounds that Friendship believes the declarations to be false. Friendship argues that the declarations are false and therefore irrelevant and prejudicial, and that they should be excluded pursuant to Federal Rules of Evidence 402 and 403. Tiger has responded to the motion with references to the evidence showing the content of the declarations are accurate. It is not the court's role to evaluate the credibility of such statements at this juncture. Such an inquiry is to be made by the trier of fact at trial, if necessary. In any event, Friendship has provided no basis for the broad action of striking all of the declarations. Therefore, we deny Friendship's motion to bar and strike the declarations.

## III. Motion to Strike Affirmative Defense

Friendship moves to strike Tiger's affirmative defense of illegality. Tiger asserts the defense of illegality based upon the Illinois Franchise Act, 815 ILCS 705/1 *et seq.* Friendship argues that Tiger lacks standing to assert this defense because only a franchisee can assert such a claim. Tiger has not filed any answer to this motion and thus Tiger has indicated that it has no objection to having the

defense stricken. Therefore, we grant Friendship's motion to strike Tiger's affirmative defense of illegality.

## IV. Motion to Bar the Use of Letter and Deposition Testimony

Friendship moves to bar the use of a letter drafted by attorney Martin Faier ("Faier") and any of Faier's deposition testimony. Friendship claims that Faier was retained by Friendship to register the JJ Fish trademarks that are at issue in the instant action. Friendship claims that Faier shares office space with Tiger's current attorney. According to Friendship, Faier was approached by representatives of Tiger to represent Tiger and he refused because of the conflict of interest. However, Friendship claims that despite the conflict, Faier provided Tiger with a letter containing certain legal opinions that are pertinent in this action. Faier has also allegedly advised Tiger's current attorney regarding how to defeat and cancel the trademarks that Faier was retained to register and that are at issue in the instant action. Tiger was given until October 5, 2005, to file an answer to the instant motion but failed to file any answer. We agree that it would be unfair to allow Tiger to make use of the ill-gotten information Tiger has allegedly received from Faier and Tiger has offered no objection to the exclusion of Faier's letter and his deposition testimony. Therefore, we grant Friendship's motion to exclude Faier's letter and deposition testimony.

## CONCLUSION

Based on the foregoing analysis, we deny Friendship's motion for a protective order and motion to strike the declarations. We grant Friendship's motion to strike Tiger's affirmative defense of illegality and motion to bar the use of Faier's letter and deposition testimony.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 9, 2005